# U.S. COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 25-1256

UNITED STATES OF AMERICA

v.

CARLOS ALBERTO GASCOT CONCEPCION,
Appellant

———————————————

On Appeal from the District Court of the Virgin Islands
Judge Robert A. Molloy, No. 3:23-cr-00075-001

Before: HARDIMAN, BIBAS, and PORTER, *Circuit Judges*
Argued Dec. 10, 2025; Decided Mar. 10, 2026

OPINION OF THE COURT

PORTER, *Circuit Judge*.

Carlos Gascot Concepcion was arrested while attempting to transport more than one kilogram of cocaine from the U.S. Virgin Islands to Puerto Rico. He was charged with one count of possession with intent to distribute a Schedule II controlled substance. At trial, he argued that he intended to personally consume the entire kilogram of cocaine, not distribute it. Concepcion asked the District Court to instruct the jury on the lesser-included offense of simple possession, which the Court denied. He now appeals, arguing that the

District Court abused its discretion by rejecting his proposed jury instruction. Because no rational jury could have disputed that Concepcion intended to distribute the cocaine, the District Court did not abuse its discretion by refusing to instruct the jury on simple possession. We will affirm.

I

In October 2023, Concepcion was in the St. Thomas airport traveling from the Virgin Islands to his home in Puerto Rico. Agents with U.S. Customs and Border Protection ("CBP") observed that Concepcion's large suitcase appeared very light when he lifted it. The agents ran his suitcase through their x-ray machine, which revealed an anomaly. The officials opened the suitcase and found a backpack containing a rectangular object that was vacuum sealed, plastic-wrapped, encased with wet wipes, and labeled "Psycho Bunny." The block contained a white powdery substance, later forensically determined to be 1,009.48 grams of cocaine at a purity level of 86.5%. The search of his suitcase and fanny pack also turned up a few articles of clothing, shoes, two small bags of a green leafy substance, two cell phones, and some cash.

Concepcion was indicted on one count of possession with intent to distribute cocaine. At trial, Drug Enforcement Administration special agent Joseph Pittaluga—who had nearly eighteen years of law enforcement experience combatting drug trafficking—testified as an expert witness for the government. He testified that, on St. Thomas, a kilogram of cocaine wholesales for between $8,500 and $12,500 and retails for between $42,000–$65,000, depending on if and how the kilogram has been "cut." He explained that in his experience a user would typically purchase cocaine in "eight

balls" (i.e., 3.5 grams), that it would take between 100–285 days for a heavy cocaine user to consume a kilogram of cocaine, and that 86.5% is a high purity level for cocaine. He testified that St. Thomas is a cocaine distribution hub such that cocaine is generally moved from St. Thomas to Puerto Rico. Finally, Agent Pittaluga testified that cocaine is generally packaged in small baggies for personal use but that, when intended for distribution, it is commonly packaged in the shape of a brick, by the kilogram, and branded with the drug trafficker's identification.

In his defense, Concepcion called his father, Carlos Cuadrado, who testified that Concepcion had started using marijuana daily as a teenager, that he pays for Concepcion's apartment because Concepcion spends all his money on marijuana, and that he had never personally observed Concepcion use any drugs. Concepcion then rested his case.

Concepcion requested a jury instruction on the lesser-included offense of simple possession, claiming Cuadrado's testimony supported the inference that Concepcion intended to consume the cocaine, not distribute it. The Court denied the request because, considering the totality of evidence adduced at trial, no rational jury could find that Concepcion's intent to distribute was sufficiently in dispute. The jury convicted Concepcion, and the Court sentenced him to fifty-five months of incarceration and five years of supervised release. On appeal, Concepcion challenges the District Court's denial of his request for a simple-possession instruction.[1]

---

[1] Concepcion also appealed the District Court's certification of Agent Pittaluga as an expert witness, but he has since abandoned that argument.

II[2]

A

Federal Rule of Criminal Procedure 31(c) provides that "[a] defendant may be found guilty of . . . an offense necessarily included in the offense charged," known as a lesser-included offense. "A jury instruction must contain a lesser included offense only if the evidence adduced at trial could support a guilty verdict on either charge." *Gov't of V.I. v. Knight*, 989 F.2d 619, 632 (3d Cir. 1993) (citing *Sansone v. United States*, 380 U.S. 343, 349–50 (1965)). But district courts "need not instruct the jury on a lesser-included offense unless . . . a jury could rationally find the defendant guilty of the lesser offense and not the greater." *Id.* (citations omitted); *see also Keeble v. United States*, 412 U.S. 205, 208 (1973).

In other words, district judges must instruct on the lesser offense when "proof on the element that differentiates the two offenses is sufficiently in dispute to necessitate" the instruction. *See United States v. Smith*, 21 F.4th 122, 133 (4th Cir. 2021) (cleaned up); *see also United States v. Brewster*, 506 F.2d 62, 71 (D.C. Cir. 1974); *United States v. Jaffal*, 79 F.4th 582, 608 (6th Cir. 2023); *United States v. McCullough*, 348 F.3d 620, 627 (7th Cir. 2003); *United States v. Smith*, 990 F.3d

---

[2] The District Court had jurisdiction over this case under 48 U.S.C. § 1612(a) and 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291. We review a District Court's decision not to provide a requested jury instruction for abuse of discretion. *United States v. Flores*, 454 F.3d 149, 156 (3d Cir. 2006).

607, 613–14 (8th Cir. 2021); *United States v. McVeigh*, 153 F.3d 1166, 1198 n.21 (10th Cir. 1998). Proof of an element is "sufficiently in dispute" where (1) "there is evidence of sharply conflicting testimony on that element" or, absent such conflict, (2) "the conclusion as to the lesser offense fairly may be inferred from the evidence presented." *Smith*, 21 F.4th at 133 (citation omitted).

We pause here to clarify two matters. *First*, we do not hold that merely putting on "sharply conflicting testimony" is enough to guarantee a lesser-included offense instruction. Otherwise, a defendant might put on speculative or conclusory evidence to manufacture a "conflict" with the government's case. The testimony needs to be weighty enough to create a genuine conflict, such that a rational jury could credit it.

*Second*, we do not hold that district courts must instruct on the lesser offense even if the evidence at trial indisputably establishes the differentiating elements of the greater offense. In that situation, the conclusion as to the lesser offense would not be "fairly inferable" from the evidence, making a lesser-included offense instruction unwarranted. And such a rule would "invite [a] jury to pick between" the greater and lesser offenses "so as to determine the punishment to be imposed, a duty Congress has traditionally left to the judge." *Sansone*, 380 U.S. at 350 n.6. Rather, we simply hold that even if the evidence might *conceivably* support a conviction on the lesser offense, district courts should instruct the jury on that offense only where the differentiating elements of the charged offense are sufficiently in dispute. It is up to the district court to determine whether, given the evidence presented at trial, a jury could rationally convict on the lesser offense but acquit on the greater.

B

Applying this standard, we hold that the District Court was within its discretion to deny Concepcion's request for a simple-possession instruction. We have held that "the simple possession offense . . . is a lesser included offense of the charged possession with intent to distribute offense." *United States v. Lacy*, 446 F.3d 448, 454 (3d Cir. 2006). "The only difference between the two offenses is that the [latter] offense requires proof of intent to distribute the drugs." *Id*. In the drug-possession context, then, district courts may deny a requested simple-possession instruction "in cases with both substantial evidence of distribution and a paucity of evidence suggesting mere personal use." *Smith*, 21 F.4th at 136.

An intent to distribute can be inferred circumstantially and relevant factors often include the quantity of drugs possessed, the manner of their packaging, the presence of weapons, large amounts of cash, and equipment commonly used for distribution. *See United States v. Johnson*, 302 F.3d 139, 149 (3d Cir. 2002). Indeed, "[w]hen a defendant is found in possession of a sufficiently large quantity of drugs, an intent to distribute may logically be inferred from the quantity of drugs alone." *United States v. Rodriguez*, 961 F.2d 1089, 1092 (3d Cir. 1992).

Here, the evidence adduced at trial overwhelmingly evinces Concepcion's intent to distribute the cocaine. Concepcion was in possession of over a kilogram of high-purity cocaine, an amount independently sufficient to infer an intent to distribute. *See, e.g.*, *United States v. Gaviria*, 740 F.2d 174, 185 (2d Cir. 1984) (681 grams of cocaine "varying in

6

purity from 51.7 to 94.2 percent" sufficient for intent to distribute); *United States v. Raffo*, 587 F.2d 199, 201 (5th Cir. 1979) ("The fact that nearly a kilogram of cocaine was involved, 58,000 dosage units, supplies the foundation for the inference of intent to distribute."); *United States v. Phibbs*, 999 F.2d 1053, 1065–66 (6th Cir. 1993) (one kilogram of cocaine sufficient for intent to distribute); *United States v. Puckett*, 405 F.3d 589, 601 (7th Cir. 2005) (63 grams of cocaine is "in and of itself sufficient evidence to compel an inference that [the defendant] intended to distribute the drug").[3]

Although Concepcion's intent to distribute can be inferred solely from the amount of cocaine in his possession, the District Court cited several other facts supporting his intent to distribute it. First, Concepcion was transporting the cocaine

---

[3] Concepcion claims "[o]ther courts have found that quantities significantly greater than" what Concepcion possessed "nonetheless warranted a simple possession instruction." Concepcion Br. at 39. But the cases he cites all involve amounts drastically *lower* than what Concepcion possessed. *See United States v. Latham*, 874 F.2d 852, 863 (1st Cir. 1989) ("[A]n inference of intent to distribute is not warranted from the possession of one ounce of cocaine."); *United States v. Levy*, 703 F.2d 791, 792 (4th Cir. 1983) (4.75 ounces of 95% pure cocaine does not "exceed the quantity one might stockpile for personal use . . . as to eliminate all reasonable possibility that the jury might draw such an inference"); *United States v. Burns*, 624 F.2d 95, 99 (10th Cir. 1980) (exact amount not expressly mentioned, but cocaine recovered from a "plastic bag" in a "briefcase"); *United States v. Gibbs*, 904 F.2d 52, 58–59 (D.C. Cir. 1995) (15.5 grams of crack cocaine).

from St. Thomas to Puerto Rico, a centralized hub in the Caribbean distribution chain, rather than buying it in smaller amounts in Puerto Rico. Second, his bag was packed with few clothes and no personal effects, suggesting he was in St. Thomas for a short time and lied about the duration and purpose of his trip. Third, the high purity level of the cocaine suggested it would be cut for further profit. Fourth, the cocaine's packaging in a brick form by the kilogram is standard practice for drug distribution. And finally, the brick was labeled with the trafficker's brand, "Psycho Bunny," a common attribute of cocaine intended for further distribution.[4]

Concepcion argues that he intended to personally consume the entire kilogram of cocaine in his possession, but the District Court reasonably found this argument incredible. His only evidence to support the personal-use theory was his father's testimony that Concepcion has long been a marijuana user and spends most of his money on that addiction. But there is no evidence that Concepcion ever used cocaine, or anything other than marijuana. The District Court did not abuse its discretion by holding that, under the totality of the evidence, no rational jury could find that Concepcion lacked the intent to distribute the cocaine in his possession. Thus, the District

---

[4] Concepcion claims that this evidence of an intent to distribute is not as strong as the government claims because much of it relies on Agent Pittaluga's testimony, which the jury was "entitled to disregard." Concepcion Reply Br. at 9–12. That the jury was ultimately entitled to credit Agent Pittaluga's testimony as it wished does not detract from the fact that that testimony contributed to the totality of evidence that the District Court weighed against the lesser-included offense standard.

Court was under no obligation to instruct the jury on the lesser-included simple possession offense.

\*      \*      \*

For the reasons above, we will affirm the District Court's Judgment and Conviction Order.

Matthew A. Campbell [**ARGUED**]
Office of the Federal Public Defender
District of the Virgin Islands
    *Counsel for Appellants*

Adam Sleeper [**ARGUED**]
Office of the United States Attorney
District of the Virgin Islands
U.S. Department of Justice
    *Counsel for Appellees*